UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DON KARL JURAVIN,

    Plaintiff,

v.                                                      Case No. 8:25-cv-485-TPB-TGW

JUDGE LORI V. VAUGHAN, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on Plaintiff Don Karl Juravin's complaint, filed *pro se* on February 28, 2025. (Doc. 1). Plaintiff filed this suit against the United States District Court for the Middle District of Florida, the Bankruptcy Court of the Middle District of Florida, a United States District Judge, and a United States Bankrtupcy Court Judge, essentially alleging violations of his constitutional rights in federal court proceedings.[1] Because Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

Plaintiff's complaint suffers from a number of critical defects. Most critically, Plaintiff's allegations show nothing more than his disagreement with decisions judges have made in his cases while acting in their judicial capacities. As the Eleventh Circuit explained:

---

[1] Among other things, Plaintiff complains of a vexatious litigant order entered by Judge Vaughan that barred him from filing motions or papers unless signed by counsel admitted to practice in the Middle District of Florida, subject to limited exceptions. He further complains that Judge Presnell "rubber-stamped" Judge Vaughan's rulings.

> "Judges are entitled to absolute judicial immunity from
> damages for those acts taken while they are acting in
> their judicial capacity unless they acted in the 'clear absence of
> all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.
> 2000) (citations omitted). Judges are also
> generally immune from injunctive and declaratory relief unless
> (1) a declaratory decree was violated or (2) declaratory relief is
> unavailable. *Id.* at 1242. "A judge
> enjoys immunity for judicial acts regardless of whether he
> made a mistake, acted maliciously, or exceeded his
> authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th
> Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Presnell and Judge Vaughan are each entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL 2632329, at 1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction); *Austin v. McCann*, No. 22-12157, 2023 WL 3335312, at *2-3 (11th Cir. May 10, 2023) (holding that hearing officer appointed by the chief judge of the judicial circuit was entitled to absolute judicial immunity); *Hutcheson v. Campbell*, No. 8:23-cv-105-TPB-

SPF, 2023 WL 2352845, at *3-4 (M.D. Fla. Feb. 13, 2023) (holding that state court child support hearing officer was entitled to absolute quasi-judicial immunity), *report and recommendation adopted*, 2023 WL 2351691, at *1 (M.D. Fla. Mar. 3, 2023) (dismissing case). Because Plaintiff's allegations emanate from actions taken by these judges in their official judicial capacities during proceedings over which they had jurisdiction, the judges are absolutely immune from civil liability.

For the same reason, Plaintiff cannot sue the district court or the bankrtupcy court because he is unhappy with a judge's rulings and orders. *See Grogan v. Meriweather*, No. 22-1887 (JMC), 2022 WL 2713354, at *1 (D.D.C. July 13, 2022). The Court notes that to the extent that Plaintiff complains about rulings and orders, the substantive rulings could have been addressed through the appellate processes – his complaints are simply nonjusticable here.

Moreover, any claims against the district court and bankrtupcy court would be barred by the doctrine of sovereign immunity. *See Coggins v. United States Dist. Court Eastern Div.*, No. 3:09-cv-40-TMH, 2009 WL 1181953, at *3 (M.D. Ala. Apr. 30, 2009) (finding claims against district court for constitutional violations barred by sovereign immunity and therefore "frivolous and based on an indisputably meritless legal theory"). And even if the Court were to construe the action as a *Bivens* action, a *Bivens* action may be brought only against federal defendants in their individual capacities, so claims against the courts lack merit. *See id*.

For these reasons, this action is dismissed. Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond. *See Quire v. Smith*, No. 21-

10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011)). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* (citing *Tazoe,* 631 F.3d at 1336). Because amendment would be futile, the case is dismissed without leave to amend.

Simply put, if Plaintiff is unhappy with decisions made by the judge in his cases, his remedy is to file an appeal, not to sue the judges and the courts.

**Plaintiff is warned that if he files frivolous cases in this Court, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Plaintiff without first obtaining prior leave of the Court.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of March, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE